UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DEUTSCHE BANK NATIONAL TRUST COMPANY,

                            Plaintiff,

             -against-

JORGE LOJA,

                          Defendant.
-------------------------------------------------------------------X

FOR ONLINE PUBLICATION ONLY

**FILED**
**CLERK**

3/31/2026 3:56 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**ORDER**
25-cv-00534 (JMA) (LGD)

**AZRACK, United States District Judge:**

Plaintiff Deutsche Bank National Trust Company brought the instant action to foreclose on a mortgage encumbering the property at 118 Webb Avenue, Patchogue, New York 11772 ("the Property"). (See Compl., ECF No. 1.)  Presently before the Court is Plaintiff's unopposed motion for default judgment of Foreclosure and Sale against Defendant Jorge Loja pursuant to Fed. R. Civ. P. 55(a) and Local Civil Rule 55.2.[1]  (See ECF No. 21.)  For the reasons stated herein, Plaintiff's motion is GRANTED.

The record reflects that Defendant Jorge Loja was properly served in this action but has not answered, appeared, or responded to the instant motion for default judgment.  Defendant has not presented any defense to this action, let alone a meritorious defense.  The Clerk of the Court has certified the same.  (See ECF No. 11.)  Accordingly, the Court finds Defendant to be in default.

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and to draw all reasonable inferences in the plaintiff's favor.  Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009).  However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law.  Id.

---

[1] The Complaint initially named twelve additional "John Doe" defendants; however, those defendants were not identified or served and, in the instant motion, Plaintiff requests that they be stricken from the caption.  (See Compl.; ECF No. 21 at 9.)

Under New York law, "a plaintiff in an action to foreclose a mortgage [must] demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'" Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (citing Campaign v. Barba, 805 N.Y.S.2d 86 (2d Dep't 2005)).  Here, Plaintiff appends to the Complaint copies of the mortgage, the mortgage note, the loan modification agreement, the assignment of that mortgage to Plaintiff, and the 90-day notice sent to Defendant.  (Compl., Exs. B–E.)  Moreover, Plaintiff includes an affidavit from Nastassia Irby affirming that the mortgage is in default and appending a copy of the notice of default sent to the Defendants.  (See ECF No. 11-4 ¶ 12; ECF No. 11-10.)  This documentary evidence, together with the allegations in the Complaint, are sufficient to establish Defendant's liability and Plaintiff's entitlement to foreclosure.

Plaintiff's submissions, including the declarations and attached exhibits, also establish that Defendant owes Plaintiff:  (1) a Principal Balance of $266,492.29 owed by Defendant on the note and mortgage, together with interest in the amount of $10,994.72 from May 1, 2024 through May 21, 2025; (2) various charges and disbursements due under the note and mortgage, amounting to $18,952.15; and (3) $6,800.00 for attorneys' fees incurred in litigating this action, and $1,130 in litigation costs.

For the reasons stated above, Plaintiff's motion for a default Judgment of Foreclosure and Sale against the Defendants is GRANTED.  The Court will enter a separate Judgment of Foreclosure and Sale that appoints Plaintiff's recommended Referee, Melissa Mohan Esq., as Referee to effectuate the sale of the Property.

The Clerk of Court is directed to close this case.

Dated:   March 31, 2026
          Central Islip, New York

                                                /s/ (JMA)
                                        JOAN M. AZRACK